IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DISTRICT DIVISION

DAVID NOLAN BASS and  　　　　　　　　　　　　　　　PLAINTIFFS
DAMEON JONES

vs.　　　　　　　　　　　　　　　CASE NO.: 3:20-cv-598-CWR-FKB

PATIENT SUPPORT SERVICES, INC., d/b/a
LINCARE, INC.　　　　　　　　　　　　　　　　　　　　DEFENDANT

## FAIR LABOR STANDARDS ACT COMPLAINT

Plaintiffs, David Nolan Bass and Dameon Jones ("Plaintiffs"), are or were employees of Defendant, Patient Support Services, Inc., d/b/a Lincare, Inc. (hereinafter "Lincare") and bring this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA").

## NATURE OF LAWSUIT

1. The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S. Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of

minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This is an action by the Plaintiffs against their former employer for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiffs seek liquidated damages, reasonable attorney's fees, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

3. Additionally, Plaintiffs seek a declaration of rights pursuant to Fed.R.Civ.P. 57 and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

## JURISDICTION AND VENUE

4. Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

5. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1337 and the FLSA, 29 U.S.C. §216(b).

6. Venue is proper in this Court because Plaintiffs worked for Defendant within this District during the relevant time period subject to this Complaint, Defendant maintained a business operation with the District, and because a

substantial part of the events and/or omissions giving rise to the claims asserted herein arose in a substantial part within the District.

7. The Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

8. Plaintiff, David Nolan Bass, worked as a Service Representative and performed related activities for Defendant in and around Rankin County, Mississippi.

9. Plaintiff, Dameon Jones, worked as a Service Representative and performed related activities for Defendant in and around Rankin County, Mississippi.

10. Defendant, Lincare, is company that operates and conducts business in Rankin County, Mississippi as well as other locations throughout the State of Mississippi and the southeast region of the United States.

## COVERAGE

11. At all material times hereto, Plaintiffs were "employees" within the meaning of the FLSA.

12. At all material times hereto, Defendant was the "employer" of Plaintiffs within the meaning of the FLSA.

13. At all material times hereto, Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

14. At all material times hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

15. At all material times hereto, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

16. Based upon information and belief, Defendant earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto (2017 - 2020).

17. At all material times hereto, Defendant employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

18. At all material times hereto, Plaintiffs were "engaged in commerce" and subject to individual coverage under the FLSA in that she:

  a. Operated instrumentalities of commerce;

  b. Transported goods in commerce;

  c. Used channels of commerce;

  d. Communicated across state lines; and/or

  e. Performed work essential to any of the preceding activities.

19. At all material times hereto, the work performed by Plaintiffs was directly essential to the business conducted by Defendant.

20. At all material times hereto, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiffs for those hours worked in excess of forty (40) hours within a work week.

21. Defendant and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiffs the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

22. Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiffs and amounts paid to Plaintiffs are in the possession, custody and control of Defendant.

## FACTUAL ALLEGATIONS

23. Defendant is a durable medical equipment and medical supplies supplier with an office located at 140 Business Center Parkway, Suite A, Pearl, Mississippi 39208. Lincare is headquartered at 19387 U.S. Highway 19 North, Clearwater, Florida 33764-3102.

24. Mr. Bass worked for Lincare as a non-exempt Service Representative from approximately April 16, 2018 until July 24, 2020.

25. Mr. Jones is currently employed by Lincare and has worked for Lincare as a non-exempt Service Representative since approximately July 5, 2017.

26. As Service Representatives, Plaintiffs were required to deliver durable medical equipment and medical supplies to the homes of Defendant's customers where they would also provide installation and routine maintenance services.

27. Mr. Bass regular rate of pay was $13.24 an hour.

28. Mr. Jones regular rate of pay was $15.23 an hour.

29. Plaintiffs typically worked Monday through Friday from 8 a.m. to 5 p.m.

30. Once a month, Plaintiffs were required to be on-call for a week to assist with the "after hours" needs of Defendant's customers. During their respective week of being on-call, Plaintiffs were required to be available for an entire seven-day period to respond to customer needs occurring after normal business hours. This on-call work requirement was in addition to their normal Monday through Friday 8 a.m. to 5 p.m. work hours.

31. Plaintiffs would routinely be called upon by Defendant to service its customers after hours during their respective on-call week.

32. Plaintiffs' work activities would include, but were not limited to, calling customers to see if they could resolve their issues remotely, traveling round-trip to a client's home, and performing repair and maintenance work on customer equipment in their homes. Defendant did not compensate Plaintiffs for any work performed by them after hours.

33. Plaintiffs worked over forty (40) hours in one week for one or more weeks while employed by Defendant within the past three (3) years.

34. Plaintiffs allege that they routinely had weeks in which they worked over sixty (60) hours per week for Defendant.

35. Plaintiffs were not paid time and one-half compensation for all overtime hours they worked during one or more workweeks.

36. Plaintiffs were not compensated anything for worked performed during their on-call work periods.

37. At all relevant times, Defendant implemented and maintained a pay scheme in violation of the FLSA in that they failed to compensate Plaintiffs anything for hours worked over forty (40) in a given week and they failed to record and maintain Plaintiffs' actual work hours. As such, Defendant failed to comply with 29 U.S.C. §§ 201-209.

38. Upon information and belief, the records — to the extent such records exist — concerning the number of hours worked and amounts paid to Plaintiffs are in the possession, custody, or control of Defendant.

39. The burden of proof regarding the precise number of hours worked by Plaintiffs belongs to Defendant.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION AGAINST DEFENDANT

40. Plaintiffs reincorporates and readopts all allegations contained within Paragraphs 1-39 above.

41. Plaintiffs are entitled to be paid at least time and one half their regular

rate of pay for all hours worked over forty (40) hours within a workweek during their employment with Defendant.

42. Plaintiffs demanded proper compensation for one or more weeks of work with Defendant, but Defendant has refused and/or failed to compensate them for the same.

43. Plaintiffs have made several complaints about not being paid overtime at a rate of time and one half; however, Defendant failed and/or refused to rectify the matter with Plaintiffs.

44. Defendant willfully failed to pay Plaintiffs correct overtime wages for one or more weeks of work contrary to 29 U.S.C. § 206.

45. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiffs have been damaged in the loss of overtime wages for one or more weeks of work with Defendant.

WHEREFORE, Plaintiffs demand judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III - DECLARATORY RELIEF AGAINST ALL DEFENDANTS

45. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-39 above.

47. Plaintiffs and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists.

48. The Court also has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

49. Plaintiffs may obtain declaratory relief.

50. Defendant jointly employed Plaintiff.

51. Plaintiffs were individually covered by the FLSA.

52. Defendant failed to properly pay Plaintiffs for all the hours worked.

53. Plaintiffs are entitled to overtime pursuant to 29 U.S.C. §207(a)(1).

54. Defendant did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29C.F.R. Part 516.

55. Defendant did not rely on a good faith defense.

56. Plaintiffs are entitled to an equal amount of liquidated damages.

57. It is in the public interest to have these declarations of rights recorded.

58. Plaintiffs' declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

59. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that judgment be entered in her favor against Defendant:

a.  Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b.  Awarding Plaintiffs overtime compensation in the amount due to them for Plaintiffs' time worked in excess of forty (40) hours per workweek;

c.  Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

d.  Awarding Plaintiffs reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e   Awarding Plaintiffs pre-judgment interest; and

f.  Ordering any other further relief the Court deems just and proper.

DATED, this 10th day of September, 2020.

Respectfully submitted,

DAVID NOLAN BASS and DAMEON JONES, PLAINTIFFS

**CHRISTOPHER W. ESPY, ESQ.**
Christopher W. Espy, Esq. (MSB#: 102424)
Espy Law, PLLC
P.O. Box 13722
Jackson, Mississippi 39236
Phone: 601-812-5300
Fax:   601-510-9050
Email: chris@espylaw.com

**ATTORNEY FOR PLAINTIFFS**